RIFKIN TEXTILES CORP. *v.* UNITED STATES    (No. 5247)*

United States Court of Customs and Patent Appeals, June 29, 1967

*Brooks & Brooks, J. Joseph McDermott* (*Menahem Stim,* of counsel) for appellant.

*Barefoot Sanders,* Assistant Attorney General, *Andrew P. Vance,* Chief, Customs Section, for the United States.

[Oral argument February 6, 1967 by Mr. Stim and Mr. Vance]

Before WORLEY, Chief Judge, RICH, SMITH, ALMOND, Associate Judges, and WILLIAM H. KIRKPATRICK **

KIRKPATRICK, Judge, delivered the opinion of the court:

This is an appeal by the importer from the decision and judgment of the United States Customs Court, First Division (55 Cust. Ct. 341, C.D. 2600), overruling the importer's protest to the classification of certain woven wool fabrics.

The collector classified the imported merchandise as "woven fabrics, of wool . . . other" under item 336.50 of the Tariff Schedules of the United States and dutiable at the rate of 37.5 cents per pound and 60 percentum ad valorem. The importer claimed that the merchandise was more properly classifiable as "ornamented fabrics, in the piece" under item 353.50 of the Tariff Schedules and dutiable at the rate of 42.5 percentum ad valorem. The pertinent statutory provisions are:

Item 336.50 of the Tariff Schedules of the United States:

Other [woven fabrics, of wool weighing over four ounces per square yard]:

Valued not over $1.26⅔ per pound------------------    37.5¢ per lb.
                                                     plus 60% ad val.

Item 353.50 of the Tariff Schedules of the United States:

Ornamented fabrics, in the piece, and ornamented motifs, not specially provided for----------------------------- 42.5% ad val.

---

*C.A.D. 925.

**Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

The Headnote to Schedule 3 provides in part (1963 U.S. Code Cong. & Ad. News (2336) :

3.   For the purposes of the tariff schedules—
     (a) the term 'ornamented', as used with reference to textile fabrics and other raticles of textile materials, means fabrics and other aticles of textile materials which are ornamented with—

  *      *       *       *       *       *       *

     (iii) lace, netting, braid, fringe, edging, tucking, or trimming, or textile fabric; [Emphasis added.]

The parties have agreed that the imported merchandise is woven fabric of wool, imported in the piece, weighing over four ounces per square yard, having a braid securely sewn over each of the two selvage edges for the full length of the piece, and valued at not over $1.26⅔ per pound. Thus, the sole question is whether or not the merchandise is "ornamented fabric" within the meaning of item 353.50 of the Tariff Schedules.

Both parties submitted exhibits at the trial, but only appellant's exhibits 2, 4, and 5 need be discussed here. Appellant's exhibit 2 is an affidavit, by the president of appellant-importer, which states that the imported merchandise was sold and invoiced by the exporter, and bought and accepted by the appellant, as an "ornamented fabric." Appellant's exhibit 4 is a skirt manufactured from a woven wool fabric which is similar to the merchandise in issue except that it has only one braid sewn onto one of the two selvage edges. The braided selvage is employed as a vertical edge of the skirt which is normally visible. Appellant's exhibit 5 is a dress made from woven wool fabric also having only one braid sewn onto one selvage edge. In this dress the braided selvage is employed as the finished edge for various parts, e.g. the sleeves and the pockets.

The appellant called three witnesses the first of whom, a member of the bar, read into the record the definition of "ornament" from Webster's New International Dictionary, Unabridged (2d ed. 1958) :

  ornament * * * 2.   a   That which is added to embellish or adorn; that which adds grace or beauty; an embellishment; a decoration. * * * b   An object or quality which serves to adorn. * * * 3. * * * 4.   Addition or inclusion of anything that beautifies; ornamentation; embellishments; decoration. * * *
  ornament; ORNAMENTED; ORNAMENTING.   To provide with ornament; decorate; embellish; as, to ornament a room, or a city.

Appellant's remaining two witnesses were permitted to testify only for the purpose of connecting appellant's exhibits 4 and 5 with the merchandise at bar:   (1) Mr. Jack Rosenblum, who was employed as a stylist, production man and salesman by a manufacturer of ladies' skirts and sportswear in New York City, stated that he had manu-

factured appellant's exhibit 4.[1]    (2) Mr. Oscar Zinn, in charge of selling and styling textiles for the appellant, testified that he styled and assisted in the production of appellant's exhibit 5. He also stated that the selvage on appellant's exhibit 1 is part of the fabric.

The testimony of the witnesses for the Government is summarized by the Customs Court:

> As heretofore indicated, all of the witnesses for the defendant testified that the imported fabric was not an ornamented fabric. In summary, the pertinent reasons for this conclusion were as follows:    That braid is never applied only to the selvage to produce an ornamental fabric (Witness Schwartz) ; that dress manufacturers do not use merchandise similar to plaintiff's exhibit 1 in the manufacture of dresses and skirts "because they couldn't use stuff that is on the selvage. They cut the selvage off" (Witness Schwartz) ; that none of the fabrics in either plaintiff's exhibit 1 or defendant's collective illustrative exhibit A would be considered in the trade to be ornamented fabrics, because the braid is attached only to the selvage, which is cut off in the end use (Witness Schwartz), (Witness Wilkinson), (Witness Price), (Witness Dante) ; that a selvage is the extreme edge of a fabric, and is not considered a useful part of the fabric, but is extraneous and is not considered in measuring its width (Witness Wilkinson), (Witness Selden), (Witness Price), (Witness Dante) ; that an ornamented fabric would usually have a pattern or design visible on the surface of the fabric or is one embellished in such a manner that it is evident on the fabric (Witness Wilkinson), (Witness Selden), (Witness Price), (Witness Dante), (Witness Kleinwald) ; that embroidery is never applied to the selvage of a fabric, unless the selvage is part of a design (Witness Kleinwald), (Witness Groder).
>
> With respect to plaintiff's exhibits 4 and 5, the witnesses for the defendant testified that the braid in plaintiff's exhibit 4 is on the selvage and that it is an ornamentation on the skirt (Witness Schwartz) ; that the braid on plaintiff's exhibits 4 and 5 ornaments the garments but not the fabric from which they were produced (Witness Wilkinson, Witness Price) ; that the braid on plaintiff's exhibit 4 was put on there for a utilitarian purpose, "to cover a selvage which might be raw" (Witness Kleinwald) ; that the braid on plaintiff's exhibit 4 did not decorate the garment, but was just "a black piping down the front of the goods" (Witness Groder). [References to the record below omitted.]

The Customs Court, in a 2 to 1 decision, overruled appellant's protest and found the imported merchandise to be not "ornamented fabrics" within the meaning of item 353.50 of the Tariff Schedules. In so holding, the majority of the Customs Court quoted the following explanatory notes contained in the Tariff Classification Study, published by the Tariff Commission on November 15, 1960 which was prior to the enactment of the Tariff Classification Schedules:

---

[1] The Customs Court quoted the following testimony by Mr. Rosenblum on cross-examination, with respect to the use of selvage by the witness:

> Q.  * * *  How do you normally use the selvage?—A.   Normally if it doesn't have any ornamentation for any garment, I would cut it, and if it fell into the seam, that is where it would end up.
>
> *          *          *          *          *          *          *
>
> Q.   And I understand your testimony now then to be that normally the selvage is used in the seam, or the hem, or some other part of the garment which is not visible?—A.   That is right. [References to the record below omitted.]

Under the proposed definition of "ornamented," textile articles would no longer be assessed with rates of duty derived from paragraph (1529(a) on the basis of concealed, functionless pieces of braid, netting, etc. The rates derived from paragraph 1529(a) would apply only if such materials were used primarily for ornamentation.

Inasmuch as the above "study" was published prior to the enactment of the schedules by the Congress and was before Congress at the time, the majority below regarded the study to have the same standing as Summaries of Tariff Information which is recognized by the courts as authoritative for the purpose of resolving questions relating to the meaning and scope of terms appearing in tariff acts and in determining the intent of Congress. *Textile Printing & Finishing Co., Inc.* v. *United States*, 49 CCPA 24, C.A.D. 789. In addition, the majority below quoted the following statement concerning item 353.50 "which appears in the additional explanatory notes and background materials to the Seventh Supplemental Report of the United States Tariff Commission, issued pursuant to sections 101(b) (4) and 101(c) of the Tariff Classification Act of 1962 (P.L. 87–456), submitted to Congress, at its request, on August 14, 1963, prior to the effective date of the Tariff Schedules of the United States, page 100":

*Ornamented Fabrics.* The status of fabrics in the piece with a braid attached on the selvage is subject to a different test under this term than under the applicable existing tariff provision. The existing requirement that the article merely be "in part of" braid is less exacting. Under the new provisions, the braid must in fact ornament the fabric in an acceptable trade sense. *This would normally call for repetitive ornamentation throughout the length of the piece goods, not so affixed that it would in normal disposition be trimmed off or hidden.* [Emphasis ours.]

The majority below found the last quoted statement to clearly indicate what was meant by use of the term "ornamented fabrics" and that the absence of the phrase "in part of" braid, which was present in paragraph 1529(a) of the Tariff Act of 1930, shows a departure from the then existing law. Again referring to the last quoted statement, the majority of the Customs Court found the sentence "under the new provision, the braid must in fact ornament the fabric in an acceptable trade sense" supports the position of the Government in view of the testimony of the witnesses. The Customs Court found that testimony of the trade witnesses supplied by the Government, to the effect that the imported merchandise is not an "ornamented fabric," shows that the braid does not ornament the *fabric* "in an acceptable trade sense."

Appellant's principal argument seems to us to be that the words of item 353.50 are clear and unambiguous and, therefore, there is no justification to resort to legislative history. Citing the recent case of *Sandoz Chemical Works, Inc.* v. *United States*, 50 CCPA 31, C.A.D. 815, appellant invites our attention to the rule that where a statute

is devoid of doubt or ambiguity the court may not resort to the rules of statutory construction to arrive at the legislative intent.

The Government's contention is three-fold: (1) Appellant has failed to rebut the presumption of correctness attaching to the collector's classification in failing to positively establish that the merchandise is an ornamented fabric; (2) the record herein establishes that the imported merchandise is not an ornamented fabric; and (3) in view of the inherent ambiguity in the term "ornamented fabrics," the Customs Court did not err in referring to the testimony of record and the legislative history of item 353.50.

We agree with the Government in that the issue in this case is not whether the braid on the selvage is ornamental but whether the braid ornaments the imported fabric in such a way as to make the merchandise an ornamented fabric. Applied to the circumstances of the present case, we find the term "ornamented fabrics" to be ambiguous, taking that word in the sense that the court is not entirely certain of the meaning of the statutory language when applied to the particular facts of this case. Therefore, resort to pertinent authoritative materials to ascertain the meaning of the term is permissible.

The majority below found, and we agree, that the testimony of the witnesses clearly establishes that the selvage is normally not considered a part of the surface of the fabric. Applying this finding of fact to the explanatory note contained in the Tariff Classification Study and in the Seven Supplemental Reports of the United States Tariff Commission, both quoted above, we conclude that the instant import is not ornamented fabric within the meaning of item 353.50 of the Tariff Schedules.

Appellant argues that the merchandise in issue is an entirety as imported and the integral parts thereof cannot be treated separately for classification purposes. If by this "entirety" argument appellant means to contend that if a part of the imported fabric is "ornamented" then the entire fabric must be considered to be "ornamented," we would disagree. This line of argument is clearly contrary to the explanatory notes quoted above. Furthermore, the argument appears to be equally applicable to a fabric having a particularly attractive label attached thereto but we question whether such a label would, ipso facto, make the entire fabric an "ornamented fabric" for the purposes of customs statutes.

In view of the foregoing, the judgment below is *affirmed*.

Smith, J., concurs in the result.